UNITED STATES of America, Plaintiff,

v.

James E. WILLIAMS, Christopher Lloyd, Jr., Alfie M. Thomas, and Keith Lee Thomas, Defendants.

No. CR–93–214–A.

United States District Court, W.D. Oklahoma.

Jan. 18, 1994.

Joseph W. Strealy, Schnetzler & Strealy, Oklahoma City, OK, for James E. Williams.

John W. Coyle, III, Coyle & Henry, Joseph L. Wells, Oklahoma City, OK, for Christopher Lloyd, Jr.

Richard E. Stout, Edmond, OK, for Alfie M. Thomas.

William P. Earley, Federal Public Defender's Office, Oklahoma City, OK, for Keith Lee Thomas.

*AMENDED DETENTION ORDER*

HOWLAND, United States Magistrate Judge.

A Memorandum Opinion has been entered by United States District Judge Wayne E. Alley determining that controlled substances seized by law enforcement officers as evidence of the criminal violations alleged in the Indictment should be suppressed. The Defendants jointly filed a Motion for Revocation of the Order of Detention entered on October 7, 1993, which ordered each Defendant detained pending further proceedings. Judge Alley has referred said joint motion for an evidentiary hearing by the undersigned consistent with 18 U.S.C. § 3142. Following this reference, the Court conducted a prehearing conference with all counsel present and at the Court's direction plans of release have been submitted and investigated by the Pretrial Services Office prior to the evidentiary hearing on January 18, 1994. During the evidentiary hearing, the parties did not introduce sworn testimony and the record was closed without objection to the facts presented in the release plans and supplemental Pretrial Service reports.

I

In support of their Joint Motion for Revocation of the Order of Detention, the Defendants urge that the prior detention hearing should be reopened to permit the introduction of new and material facts that will substantiate release on conditions rather than detention, especially in view of the suppression of the evidence of the offense. § 3142(f). Conditions of release/detention are to be adjudicated under several categories of information including (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community. § 3142(g). The three counts of the Indict-

ment (one conspiracy count and two substantive counts) are all based upon the possession with intent to distribute of controlled substances (marijuana and cocaine base) and this evidence has been suppressed because it was seized in violation of the Defendants' Fourth Amendment rights (pretextual searches). The suppression decision directly impacts both factors (1) and (2), *supra.* However, the Indictment has not been dismissed, and the United States has proffered that an appeal may be taken from the suppression decision in accordance with § 3143(c). Under these circumstances, and without objection, the Court has reopened the prior detention orders which were entered without regard to the "admissibility of evidence" (§ 3142(f)) to consider this new and supplementary information.

## II

The importance of each of the four detention/release factors is demonstrated in the seminal opinion of the Supreme Court construing the Bail Reform Act of 1984 which recognized that

> [t]he judicial officer charged with the responsibility of determining the appropriateness of detention is guided by statutorily enumerated factors, which include the nature and the circumstances of the charges, the weight of the evidence, the history and characteristics of the putative offender, and the danger to the community. § 3142(g).

*United States v. Salerno,* 481 U.S. 739, 751–752, 107 S.Ct. 2095, 2104, 95 L.Ed.2d 697 (1987). The precise weight to be accorded to each factor was not specified by Congress, but the suppression of criminal evidence in this case is obviously pivotal to the probable cause undergirding the original Detention Order and factors (1) and (2) *supra. United States v. Jessup,* 757 F.2d 378, 384 (1st Cir. 1985).

The Defendants release plans include reestablishment of residences with a relative or friend and the prospect of re-employment or new employment. The Court requested release plans are a reasonable attempt to transition the Defendant from detention and prior undesirable conduct into the community with a supportive and stabilized residence and source of income. However, each of the

Defendants have admitted some use of controlled substances in their prior home environments and three of the Defendants (Williams, Lloyd and Alfie Thomas) propose returning to the Los Angeles, California area which has recently experienced a severe earthquake with extensive disruption or destruction of dwellings, businesses, transportation, communication, and other services. Defendant Keith Thomas formerly lived in Los Angeles and, if released, would live in Kansas City, Mo. with a friend or in a halfway house in Kansas City. Also, each of the Defendants have weak or deteriorating ties to these communities, prior associations with gangs, and sporadic employment records.

## III

Defendant Christopher Lloyd has also presented a plan of release in Los Angeles, which ostensibly offers reasonable opportunities for success in this community. However, the supplemental Pretrial Services report reveals additional convictions which were not disclosed by the Defendant during the initial interview. Previous computerized criminal history records checks also did not disclose the Defendant's conviction for possession of rock cocaine for sale in Los Angeles on October 15, 1991, and a probationary sentence that will expire October 14, 1994. Another conviction for vehicle theft was entered on October 15, 1991, and the probationary period will also expire on October 14, 1994. Therefore, probation violations have possibly been committed. The Defendant disclosed the prior conviction on June 16, 1993, for carrying a concealed weapon in a vehicle wherein a probationary sentence was entered. Defendant has obfuscated his identity by use of some seven aliases and three different dates of birth. The local investigation by the Pretrial Services officers results in receipt of information the Defendant would have less chance of antisocial conduct if he was living outside the Los Angeles area and separated from undesirable peer groups.

## CONCLUSION

■ Accordingly, it is ordered that the Defendants' Motion to Revoke Detention is sustained as to Defendants Williams, Keith

Thomas and Alfie Thomas. These Defendants are released to the Oklahoma Halfway House instanter for supervision in a non-custodial environment with drug counseling and testing, employment counseling and referral, and reintegration into community living. Upon satisfactory adjustment in this placement, the Court anticipates releasing Defendants from this community facility on or before February 18, 1994.

It is further Ordered that Defendant Lloyd's previous detention is continued and the Motion to Revoke Detention is overruled. This Defendant would be a threat to the community by trafficking in controlled substances and would not respond positively to supervision under less restrictive conditions or in a halfway house setting under clear and convincing evidence.

Upon the entry of the Court's oral findings and conclusions during the hearing, counsel for the United States indicated no appeal would be filed and Defendant Christopher Lloyd indicated that an appeal would be taken to review the detention order in accordance with 18 U.S.C. § 3145.[1]

---

1. ADDENDUM: Proceedings supplementary to this Order included the agreement of Plaintiff not to oppose the release of Defendant Lloyd to the Oklahoma Halfway House. Also, an appeal was not taken from the Court's suppression order and the Indictment has been dismissed.